UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>v.<br><br>OSCEOLA COMMUNITY HOSPITAL D/B/A BRIGHT BEGINNINGS OF OSCEOLA COUNTY<br><br>                Defendant. | Civil Action No. 5:12-cv-4087<br><br>Jury Trial Demand |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to provide appropriate relief to Jodene Kruse Schreiber ("Schreiber"), a qualified individual with a disability, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Osceola Community Hospital d/b/a bright Beginnings of Osceola County ("Bright Beginnings"), violated the ADA by failing to hire Schreiber because of her disability.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Iowa, Western Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is expressly authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Osceola Community Hospital d/b/a bright Beginnings of Osceola County has continuously been a Iowa corporation doing business in the State of Iowa, County of Osceola, and the City of Sibley, and has continuously had at least 15 employees.

5. At all relevant times, Bright Beginnings has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Bright Beginnings has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days before institution of this suit, Schreiber filed a charge with the EEOC alleging that Bright Beginnings violated Title I of the ADA.

8. On May 2, 2012, the EEOC issued a Letter of Determination finding that there is reasonable cause to believe that there is a violation of the ADA in that Respondent failed to hire Schreiber on the basis of disability and inviting Bright Beginnings to participate in conciliation.

9. On May 29, 2012, the EEOC issued a letter stating that EEOC has determined that its efforts to conciliate the charge as required by the Americans with Disabilities Act had been unsuccessful.

10. All conditions precedent to the institution of this suit have been fulfilled.

11. Schreiber, who has cerebral palsy, suffers from an impairment that substantially limits her in major life activities and constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

12. In December 2007 and September 2008, Bright Beginnings engaged in unlawful employment practices, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Specifically, Bright Beginnings discriminated against Schreiber by refusing to offer her employment because of her disability and because Bright Beginnings regarded her as having a disability within the meaning of Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

13. At all relevant times, Schreiber could perform the essential functions of her job either with or without a reasonable accommodation, thus rendering her a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

14. The effect of the practices complained of in Paragraph 12 above has been to deprive Schreiber of equal employment opportunities because of her disability within the meaning of Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

15. The unlawful employment practices complained of in Paragraph 12 above were intentional.

16. The unlawful employment practices complained of in Paragraph 12 above were done with malice or with reckless indifference to Schreiber's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Bright Beginnings, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Bright Beginnings to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Bright Beginnings to make Schreiber whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Bright Beginnings to make Schreiber whole by offering Schreiber the position she was denied.

E. Order Bright Beginnings to make Schreiber whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 12 above, in amounts to be determined at trial.

F. Order Bright Beginnings to make Schreiber whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 12 above, including, but not limited to, emotional pain, suffering, inconvenience, and mental anguish, in amounts to be determined at trial.

G. Order Bright Beginnings to pay Schreiber punitive damages for its malicious and reckless conduct, as described in Paragraph 12 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: September 26, 2012

Respectfully submitted,

P. DAVID. LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Camille A. Monahan
Trial Attorney

/s/ Jean P. Kamp
Associate Regional Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Milwaukee Area Office
310 West Wisconsin - Suite 800
Milwaukee, WI 53202
*Telephone*: (414) 297-3548
*Fax:* (414) 297-3146
*E-mail*: john.hendrickson@eeoc.gov
*E-mail*: jean.kamp@eeoc.gov
*E-mail*: camille.monahan@eeoc.gov